## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TIMOTHY PETTY | ) | CIVIL NO. 3:17-CV-01798 (KAD) |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF NEW BRITAIN et. al., | ) | |
|     Defendants | ) | |
| | ) | January 7, 2019 |

## MEMORANDUM OF DECISION RE:
## THE DEFENDANTS' MOTION TO DISMISS [ECF NO. 30]

Kari A. Dooley, United States District Judge

Pending before this Court is the Defendants' motion to dismiss as a sanction for the failure of plaintiff Timothy Petty (the "Plaintiff") to comply with the Defendants' discovery requests as well as the orders of this Court. For the reasons articulated below, the Motion to Dismiss is GRANTED.

**Factual and Procedural Background**

The Plaintiff filed his complaint, *pro se*, on October 26, 2017. He seeks damages under 42 U.S.C. § 1983 for alleged violations of his constitutional rights by the Defendants. Specifically, he alleges that during his October 2, 2015 arrest for a narcotics offense, two detectives (defendants Halt and L. Smith) approached him, forced him to the ground, and forcibly removed narcotics from his rectum causing him both physical and psychological injury, to include post traumatic stress disorder ("PTSD").

Pursuant to 28 U.S.C. § 1915A, the Court issued an Initial Review Order on January 29, 2018, permitting four claims to proceed to discovery against three of the named defendants Detective Halt, Detective L. Smith, and the City of New Britain (collectively, the "Defendants").

The Court permitted a Fourth Amendment claim for illegal search and seizure, a Fourth Amendment claim for excessive force, a Fourteenth Amendment due process claim for denial of medical care, and other ancillary state law claims. The Initial Review Order further required that discovery be completed within six months, by July 28, 2018.

On April 5, 2018, the Defendants served Interrogatories and Requests for Production on the Plaintiff. They sought, among other items, the Plaintiff's medical records, and/or signed medical authorization forms which would permit the Defendants to obtain the Plaintiff's medical records, as well as any documents supporting his allegations. The Plaintiff did not object to the discovery requests and provided partial responses on or about May 10, 2018. By letter dated May 14, 2018, the Defendants outlined, in great detail, the deficiencies in Plaintiff's discovery responses. In response to this correspondence, the Plaintiff supplemented his discovery responses on May 29, 2018. The Plaintiff did not provide complete medical records, however, and he altered the medical authorization forms in a manner which rendered them useless.[1] He also affirmatively refused to provide any records regarding his mental health. When counsel for the Defendants attempted to "meet and confer" with the Plaintiff regarding the deficiencies in his discovery responses, the Plaintiff's prison counselor advised counsel for the Defendants that the Plaintiff was refusing to come to the phone to speak with him.

As a result, the Defendants sought a discovery conference with the Court (*Meyer, J.*). On June 12, 2018, following the conference, the Court issued the following:

> ORDER RE DISCOVERY DISPUTE. In accordance with the Court's instructions today during the telephonic discovery conference, plaintiff shall respond fully and completely no later than June 26, 2018, to the following discovery requests: Interrogatories #4, #6-#9, #12- #14, as well as to Requests for Production #1-#6,

---

[1] For example, rather than signing the authorizations in blank, the Plaintiff limited their scope to records related to the "incident," without further specifying the relevant time period or permissible subject matter of the releases.

> #10-#12. Plaintiff's answers to interrogatories may cross-reference documents that plaintiff produces if these documents are fully responsive to the interrogatory request. ***No later than June 26, 2018, plaintiff shall either produce the requested documents or sign an authorization for their release by any third party such as a hospital*** (and with the understanding that defense counsel shall in turn furnish to plaintiff a copy of any and all documents obtained from any third party pursuant to plaintiff's authorization). ***As the Court explained to plaintiff, his complete medical records from any providers or sources are relevant to his claim for damages***, and defendants shall maintain the confidentiality of such records to be used only for the purposes of this litigation. Plaintiff shall submit to a deposition no later than July 13, 2018, or on any later date if all the parties agree to such later date. Plaintiff stated that he is seeking to retain counsel, and the Court encourages plaintiff to continue these efforts. Plaintiff is advised, however, that the Court does not intend to postpone any of plaintiff's discovery obligations in view that plaintiff has already had many months to seek to retain counsel. If plaintiff's efforts to retain counsel are not successful, plaintiff may file a motion for the Court to appoint pro bono counsel. Plaintiff is advised, however, that the Court is unlikely to grant a motion to appoint pro bono counsel until after the close of discovery and unless the Court denies any summary judgment motion and the case is scheduled for trial. It is so ordered.

(*See* ECF No. 25 (emphasis added.)

That same day, the Defendants' counsel sent a letter to the Plaintiff summarizing the Court's order and providing new copies of the medical authorization forms for the Plaintiff to sign. On June 22, 2018, the Plaintiff again supplemented his discovery responses. Again, the Plaintiff's interrogatory answers and document production were incomplete and largely unresponsive. With respect to Request for Production Nos. 1 through 6, which sought the Plaintiff's medical and psychiatric records, the Plaintiff indicated that he would forward the information requested. With respect to Request for Production Nos. 10 through 12, which broadly sought any documents relating to the incident, the Plaintiff responded, "I will send you this information." As to the Interrogatories, the Plaintiff provided additional information but also indicated that he was awaiting receipt of information which he would forward. For example, the Plaintiff stated that his

3

criminal defense attorney had taken a statement from witness Mia Phillips and that he would provide this statement when he received it.

Despite these representations, the Plaintiff failed to provide the signed medical authorization forms, Ms. Phillips' written statement, or any other responsive materials. On July 2, 2018, counsel for the Defendants sent another letter to the Plaintiff, reiterating the Court's order and identifying the deficiencies in the Plaintiff's discovery responses to date. Counsel also enclosed yet another set of medical authorization forms for the Plaintiff to sign. The Defendants have received no further discovery from the Plaintiff since June 22, 2018.

On July 11, 2018, the Defendants sought, and the Court granted, an extension of time to complete discovery until October 1, 2018. The Court further admonished the Parties that it was "unlikely to grant any further extension of time." On August 10, 2018, the Defendants filed the instant motion to dismiss. Counsel for the Plaintiff appeared ten days later, on August 21, 2018. The Plaintiff has not filed a response to the motion to dismiss.

The Defendants subsequently deposed Ms. Phillips on August 30, 2018 and the Defendant on September 29, 2018. The Plaintiff did not provide any of the previously promised discovery materials prior to or at either deposition. At the Plaintiff's deposition, the Defendants' counsel inquired about his medical and psychiatric history. The Plaintiff disclosed that he has received treatment at Hartford Hospital, Osborn Correctional Institute, and the Wheeler Clinic for his physical and psychiatric injuries related to the incident.[2] He further disclosed that he received treatment at St. Francis Hospital and Medical Center following a motor vehicle accident in February 2016.

---

[2] At the deposition, counsel for the Defendants stated that the Plaintiff had provided his medical records from his visit to Hartford Hospital. The evidence before the Court further indicates that the Plaintiff has provided some of his medical records from Osborn Correctional Institute, but the Defendants represent that those records are incomplete and only partially legible.

4

The Court heard oral argument on the motion to dismiss on December 12, 2018.[3]

**Discussion**

The Defendants seek dismissal pursuant to Rule 37(b)(2)(A) and Rule 41(b) of the Federal Rules of Civil Procedure. Rule 37(b)(A)(2) grants the Court discretion to impose sanctions on a party for failing "to obey an order to provide or permit discovery," while Rule 41(b) permits dismissal "if the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order."

A party seeking sanctions under Rule 37 bears the burden of demonstrating that the opposing party did not timely disclose the information or materials sought. *Doe v. Hicks*, No. 3:15-cv-01123 (AVC), 2016 WL 5172814, at *4 (D. Conn. Sept. 21, 2016); *Vineyard Vines, LLC v. Macbeth Collection, LLC*, No. 3:14-cv-1096 (JCH), 2015 WL 2179775, at *1 (D. Conn. May 8, 2015). "To meet this burden, the moving party must establish (1) that the party having control over the evidence had an obligation to timely produce it; (2) that the party that failed to timely produce the evidence had a culpable state of mind; and (3) that the missing evidence is relevant to the party's claim or defense such that a reasonable trier of fact could find it would support that claim or defense." *In re Sept. 11th Liab. Ins. Coverage Cases*, 243 F.R.D. 114, 125 (S.D.N.Y. 2007) (internal quotation marks omitted) (quoting *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2007)).

Here, the Defendants have met this burden. With respect to the first component of the Defendants' burden, there is no dispute that the Plaintiff was obligated to produce the materials and information at issue. He was ordered to do so by the Court on June 12, 2018. With respect to the second component, the Court infers a "culpable state of mind" from the Plaintiff's continued and unexcused failure to meet his discovery obligations. With respect to the third component, there

---

[3] The case was reassigned to the undersigned on September 20, 2018.

is no dispute that the missing information and materials are relevant to the Parties claims and defenses.[4] The missing records include medical records relating to his treatment for injuries allegedly sustained during the incident, medical records for injuries sustained after the date of the incident, at least one statement of a purported witness to the incident, and a host of other unknown documents sought "concerning the incidents referenced within the Complaint." These materials are relevant not only to the Plaintiff's asserted damages, but also the Plaintiff's and his witness's credibility.

The question before the Court, therefore, is not *whether* to sanction the Plaintiff but rather *what* the appropriate sanction should be under the facts and circumstances presented.

Under Rule 41(b), whether to dismiss an action as a sanction is within the sound discretion of the district court, after weighing the factors articulated by the Second Circuit for dismissal and complying with the procedural prerequisites for involuntary dismissal - notice and an opportunity to be heard. *See Smalls v. Cty. of Suffolk*, 718 F. App'x 16, 19 (2d Cir. 2017); *Dodson v. Runyon*, 86 F.3d 37, 39–40 (2d Cir. 1996). Factors to consider when determining the appropriate sanction under either Rule 37 or Rule 41 include: (1) "the duration of the plaintiff's failures"; (2) "whether the plaintiff had received notice that further delays would result in dismissal"; (3) "whether the defendant is likely to be prejudiced by further delay"; (4) "whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard"; and (5) "whether the judge has adequately assessed the efficacy of lesser sanctions." *Dodson*, 86 F.3d at 40 (internal quotation marks omitted) (dismissal pursuant to Rule 41(b)); *accord Agiwal v. Mid Island Mortg. Corp.,* 555 F.3d 298, 302

---

[4] Nor can it be disputed that the Plaintiff was aware of the relevance of some of the missing information. The Court specifically told the Plaintiff that "his complete medical records from any providers or sources are relevant to his claim for damages" during the discovery conference and in its discovery order.

(2d Cir. 2009) (dismissal pursuant to Rule 37(b)). "The mildest sanction . . . is the reimbursement of expenses to the opposing party caused by the offending party's failure to cooperate, while the harshest sanction is the order of dismissal and default judgment." *Friedman v. SThree PLC.*, No. 3:14-cv-00378 (AWT), 2017 WL 4082678, at *2 (D. Conn. Sept. 15, 2017) (internal quotation marks omitted).

Although courts are given broad discretion in these matters, "dismissal is an extreme sanction and is appropriate only where the noncompliance is due to willfulness, bad faith, fault or gross negligence rather than inability to comply or mere oversight." *McCullough v. World Wrestling Ent., Inc.*, Nos. 3:15-cv-1074 (VLB) and 3:15-cv-425 (VLB), 2018 WL 2932354, at *2 (D. Conn. Feb. 22, 2018) (internal quotation marks omitted). "District courts should be especially hesitant to dismiss for procedural deficiencies where . . . the failure is by a *pro se* litigant." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). Similarly, courts are reluctant to dismiss a case brought by a *pro se* litigant when there has been no prior warning of the possibility of dismissal, although a prior warning is not an absolute condition precedent. *Hammond v. Beth Israel Med. Ctr.*, No. 10-cv-93 NRB, 2011 WL 5980952, at *4 & n.4 (S.D.N.Y. Nov. 30, 2011); *Davidson v. Dean*, 204 F.R.D. 251, 257 (S.D.N.Y. 2001); *accord Daval Steel Prod., a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1366 (2d Cir. 1991) ("Although formal warnings often precede the imposition of serious sanctions, this court has never considered warnings an absolute condition precedent.").

The Court is also mindful of the purposes for imposing sanctions. "First, they ensure that a party will not benefit from its own failure to comply. Second, they are specific deterrents and seek to obtain compliance with the particular order issued. Third, they are intended to serve a general deterrent effect on the case at hand and on other litigation, provided that the party against

whom they are imposed is in some sense at fault." *Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988). Relatedly, the possibility of involuntary dismissal under Rule 41(b) is designed "to impose a duty of due diligence on plaintiffs and to allow Courts to adjudicate cases in a prompt and orderly manner." *Henry v. Prishtina Constr. Designs, Inc.*, No. 17-cv-5041 (ILG) (RER), 2018 WL 5984866, at *2 (E.D.N.Y. Oct. 22, 2018), *report and recommendation adopted*, No. 17-CV-5041 (ILG) (RER), 2018 WL 5983378 (E.D.N.Y. Nov. 14, 2018); *see also Stoute v. The Rockefeller Found.*, No. 93-cv-2628 (SAS), 1995 WL 708690, at *3 (S.D.N.Y. Nov. 30, 1995) ("The primary purpose behind Rule 41(b) is to promote swift disposition of cases.").

In this matter, the Defendants have been working in earnest to obtain the discovery to which they are entitled since April 2018. The Plaintiff has been largely uncooperative or unresponsive to those efforts. The Plaintiff's failure to provide the records and information at issue continued even beyond the Court ordered deadline of June 26, 2018. The Plaintiff's failure to comply with his discovery obligations also continued beyond the filing of the instant motion to dismiss and beyond the securing of counsel to represent him in this matter. Through and including the hearing on the motion to dismiss, a period of six months from the issuance of the Court's discovery order, the Plaintiff has made no meaningful effort to fulfill his discovery obligations.

Indeed, at the oral argument on the motion to dismiss, which was held four months after the Defendants filed the motion to dismiss, the Plaintiff did not deny that the discovery in question had still not been provided to the Defendants. Counsel for the Plaintiff evinced some confusion as to whether the medical authorization forms had been provided to the Defendants, although counsel for the Defendants was clear on this issue. Plaintiff's counsel made no proffer as to any efforts he made to locate and produce the Court ordered discovery. Rather, for the first time since

the motion to dismiss was filed, the Plaintiff suggested that he be given time to provide the outstanding discovery. The Court takes up this issue first.

The Plaintiff initiated this case almost fifteen months ago, on October 26, 2017. Discovery closed on October 1, 2018. The Court had previously indicated that the October 1, 2018 discovery deadline was not likely to be extended. As a result, the Defendants have already noticed and conducted the Plaintiff's deposition and the deposition of his witness, Ms. Phillips. The depositions were conducted without the benefit of the outstanding discovery, which included a prior statement reportedly made by Ms. Phillips to the Plaintiff's criminal defense attorney. The Defendants did not have many of the Plaintiff's medical records or information regarding a 2016 motor vehicle accident which occurred after the incident at issue in this case. Although they were able to question the Plaintiff as to all facets of his claims, the Defendants' counsel did not have all of the documentation required to test his testimony or the merits of these claims fully.

To give the Plaintiff more time, as requested, would require the Court to re-open discovery. After all of the records are produced and the Interrogatories answered, equity would require that the Defendants be given an opportunity to depose the Plaintiff and Ms. Phillips a second time. In addition, the discovery may well identify additional witnesses to be deposed or information to be obtained in advance of trial. In addition to the lengthy delay that this would occasion, the cost to the Defendants would be significant if discovery is essentially begun anew and additional depositions need to be noticed and conducted. Shifting these substantial costs to the Plaintiff, which might be an appropriate lesser sanction than a dismissal, is not available in this case as the Plaintiff, who was initially proceeding *in forma pauperis*, is currently incarcerated and likely without funds or means to pay such expenses, even if ordered to do so. Also militating against giving the Plaintiff more time to comply with his discovery obligations is the history and nature

of the non-compliance to date. Three times the Plaintiff failed to return the medical authorization forms sent to him, and even following the filing of this motion to dismiss, and his retention of counsel to represent him, he did nothing to meet his court-ordered obligations.

The Defendants took every reasonable step to secure the discovery at issue. They served timely Interrogatories and Requests for Production. After the Plaintiff refused to discuss his discovery obligations with them further, they sought Court intervention to address the Plaintiff's lack of compliance. Thereafter, through written correspondence, the Defendants continued to reinforce to the Plaintiff his now court-ordered obligations. Before and after the discovery conference, the Defendants also sent letters explaining in detail which discovery responses were inadequate and why. They further supplied the Plaintiff with medical authorization forms on three separate occasions. In light of these facts, re-opening discovery and allowing the Plaintiff the opportunity to meet his discovery obligations is not appropriate. The Plaintiff would essentially benefit from his own wrongdoing at great expense to the Defendants.

The Court must then determine, under the standards set forth above, whether dismissal is the appropriate sanction. It is unclear from the record whether the June 12, 2018 conference with the Court included any discussion of available sanctions for failure to meet discovery obligations. For purposes of this analysis, the Court presumes that it did not. However, this motion was pending for over four months at the time the Court heard oral argument. For four months, the Plaintiff was therefore aware that the Defendants were seeking a dismissal due to his discovery non-compliance, the legal bases for this request, and case law which supported the available sanction of dismissal. Throughout this time, of significant import, the Plaintiff was represented by counsel, and the Plaintiff is bound by the acts or omissions of his lawyer. *Dodson*, 86 F.3d at 40 ("we are cognizant of the fact that a client is ordinarily bound by the acts of his lawyer, and this-of course-extends to

behavior that would justify a dismissal for failure to prosecute"); *Link v. Wabash R. Co.*, 370 U.S. 626, 633–34 & n.10 ("There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client."). Despite the passage of time, the Plaintiff made no effort to cure the deficiencies of his discovery responses and, indeed, no effort has been made to respond to the Defendants' motion to dismiss as a sanction for those deficiencies. Although it is clearly preferable for a warning to have been provided in advance of dismissal, the lack of such a warning is not fatal to the Defendants' request under these circumstances.

The Court has also considered the availability of lesser sanctions such as: precluding the Plaintiff from offering evidence not produced to date;[5] precluding the testimony of Ms. Phillips; an adverse inference instruction to the jury regarding the Plaintiff's failure to produce certain records or answer certain Interrogatories; and/or the removal of certain claims, *e.g.*, claims seeking damages related to the Plaintiff's PTSD, from the jury's consideration. Even in combination, the Court finds that such sanctions are insufficient to mitigate the prejudice to the Defendants at trial. The Defendants have not been provided with the following: Ms. Phillips' prior statement about the incident; any mental health treatment records relating to the Plaintiff's purported PTSD; complete treatment records from the prison facility; any records related to the 2016 car accident; medical records from Wheeler Clinic and St. Francis Hospital; and potentially, a host of otherwise unknown records or documents which may be responsive to the Requests for Production at issue. Indeed, there simply is no way of knowing precisely what information or documents may exist that is responsive to the Defendant's discovery requests. As a result, the Defendants, without the discovery at issue, would be all but precluded from testing the veracity of the Plaintiff's claims in

---

[5] Insofar as the content of the missing records is unknown, this "lesser" sanction might be no sanction at all if the records are actually helpful to the defense.

the crucible of the courtroom, which is their right. This case involves two completely polarized versions of the events surrounding the Plaintiff's arrest on October 2, 2015. As such, the parties' and witnesses' credibility would be at the heart of the jury's determination, making the Defendants' ability to test the Plaintiff's credibility all the more vital.

While mindful that dismissal is the sanction of last resort, under the totality of the circumstances presented here, the Court does not believe that lesser sanctions will or can achieve the purposes of judicial sanction in a fashion that adequately addresses the extraordinary prejudice to the Defendants occasioned by the Plaintiff's complete and continued disregard of his discovery obligations.

The case is dismissed.

**SO ORDERED** at Bridgeport, Connecticut, this 7th day of January 2019.

_____/s/_____
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE